IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTONIO TORRES ) | |
|     Plaintiff, ) | |
| V. ) | |
| ) | CIVIL ACTION NO.3:23-cv-02765 |
| JEREMIAH CECIL BYOUS ) | |
|     Defendant. ) | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Plaintiff, Antonio Torres, and files this Complaint complaining of Jeremiah Cecil Byous and for causes of action shows:

**I.**
**NATURE OF THE CASE / CITY OF DALLAS FOIA REQUESTS**

1.1 This case arises out of the unjustified physical assault on Antonio Torres ("Torres") by a Dallas Police officer causing severe injuries. Torres was subjected to repeated blows to his face by Dallas Police Officer Jeremiah Cecil Byous ("Byous" or "Officer Byous") in what was tantamount to punishment and excessive force by Byous.

1.2 At the time of the assault, the plaintiff was subdued, not resisting, and was no threat to Officer Byous. Officer Byous disingenuously claimed injury after beating Torres.

1.3 He then took Torres' place in the back of the ambulance and charged him with assault on a public servant. The baseless charge was not pursued and was subsequently abandoned.

1.4 Using objectively unreasonable force, Officer Byous violated Torres' rights under the 4th and 14th Amendments to the United States Constitution.

*Original Complaint*                                                                                                                                              1

1.5     Plaintiff brings this 42 U.S.C. § 1983[1] action under the original and correct version of the statute enacted by the United States Congress and containing the "notwithstanding clause" against defendant Byous.

1.6     The plaintiff asserts that Byous's use of excessive force was unreasonable, making him liable under § 1983.

## II.
## PARTIES

2.1     Plaintiff Antonio Torres is a resident of Dallas County, Texas.

2.2     Defendant Jeremiah Cecil Byous was at all times relevant to this Complaint, a police officer for the Dallas Police Department ("DPD") employed by the City of Dallas.

2.3     Byous was, at all material times, acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the State of Texas and/or the City of Dallas, Texas.

2.4     Defendant Byous is sued in his individual capacity.

## III.
## JURISDICTION AND VENUE

3.1     Jurisdiction exists in this court pursuant to 28 U.S.C. § 1343(a)(3) and 28 U.S.C. § 1331 because this action is brought under, *inter alia*, 42 U.S.C. § 1983, to redress the deprivation of rights, privileges, and immunities guaranteed to Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution.[2]

3.2     Venue is proper in the Northern District of Texas because the conduct complained of herein occurred in this District. 28 U.S.C. §1391(b).

## IV.

---

[1] Hereinafter sometimes referred to as § 1983.
[2] Hereinafter sometimes referred to as the "14th Amendment."

## FACTS

4.1     On January 7, 2022, at approximately 11:20 A.M., Antonio Torres was driving a silver 2013 Dodge Ram 1500 ("the Dodge Ram").

4.2     Earlier that morning, the Dodge Ram was reported stolen.

4.3     Torres, a man in his twenties, was still grappling with the recent loss of his young wife. This profound grief had rendered him a lost soul, prone to making poor decisions and engaging in self-sabotaging behavior that even he struggles to rationalize.

4.4     Torres was driving the Dodge Ram when the defendant, Byous, a Dallas Police Officer, attempted to pull over the Dodge Ram for a minor traffic infraction.

4.5     However, Torres did not comply.

4.6     Fully aware of the high risk that the officer stopping him would discover the stolen status of the truck, leading to his inevitable arrest, Torres foolishly chose to ignore the police car's directive to pull over, thereby precipitating a brief chase.

4.7     In another misjudgment by Torres, convinced he could outrun the pursuing officer, abruptly stopped the truck, exited the vehicle, and fled on foot, attempting to evade capture.

4.8     The pursuit was brief, culminating with Torres lying on his face in the cold grass and clearly surrendering. He lay there, face down, resigned to the inevitability of being handcuffed, his freedom relinquished. His actions indicated a clear recognition of being apprehended.

4.9     Torres endeavored to avoid arrest, initially by fleeing in the stolen truck and subsequently on foot, driven by his strong desire to evade any confrontation with a Dallas Police Officer. His actions demonstrated nothing but a clear intent to flee, however, upon capture, he showed compliance, surrendering without resistance.

4.10    Torres, lying on the cold winter damp grass, was resigned to be handcuffed, brought to his feet, placed in the back of the patrol car, and taken to Lew Sterrett Detention Center in Dallas, Texas.

4.11    But that is not what happened. Officer Byous, not one to seemingly emphasize or respect the constitutional rights of pretrial detainees, was incensed Torres did not stop immediately and required a foot pursuit.

4.12    Officer Byous was unable to contain his anger and emotions and instead felt it necessary to mete out some "Officer Byous" punishment right then and there.

4.13    At that moment, Officer Byous, fully aware that the law and the Texas penal code prohibited him from physically assaulting Torres, chose to do so anyway.

4.14    Byous turned Torres over on his back and struck him in the face repeatedly, a grievously unjust action. Such actions are a criminal offense under 18 U.S.C. § 242:

> "Whoever, under color of any law, …willfully subjects any person…to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States [shall be guilty of a crime]."

4.15    Byous struck Plaintiff repeatedly in the face despite no physical threat whatsoever and despite no resistance by Torres to being taken into custody. Byous exceeded the force necessary to gain control of Torres, the situation and to bring Torres into custody.

 

4.16    The penalty for unauthorized use of a motor vehicle or evading arrest does not provide for punishment to be administered by Officer Byous out in the field.  Yet that is exactly what occurred.

4.17    Demonstrating that Byous knew he committed an assault, he immediately went into "cover" mode, climbing inside the ambulance and falsely asserting Torres assaulted him, a public servant. These baseless charges were, of course, dropped.

4.18    Officer Byous was not threatened; Torres was face down on the grass and had given up.

4.19    Officer Byous did not feel threatened.  Torres had no weapon, and Officer Byous did not keep his distance from Torres or draw his gun and say "freeze" or "lay down on the grass with your hands out" before slowly approaching Torres and handcuffing him.

4.20    Instead, Byous, unafraid, chased Torres down, who clearly was unarmed, got on top of Torres, and instead of keeping Torres on his face where Torres certainly would not be able

to strike Officer Byous, rolled Torres over onto his back directly, exposing himself to a possible physical altercation.

4.21 Byous did this because he was not threatened. Byous did this with the purpose and intent of beating Torres, and then Byous misrepresented the matter, alleging Torres assaulted him.

4.22 Torres had to be transported to the hospital for treatment and still has scars from the encounter with Byous, physical and otherwise.

4.23 Torres filed a complaint with the City of Dallas which found that Byous did commit a "violation of departmental rules." Upon information and reasonable belief, Byous received a 10-day suspension.

4.24 On January 7, 2022, Officer Byous' actions were far more egregious than those of Torres, and like Torres, Officer Byous should be held accountable.

4.25 Torres brings this lawsuit under Section 1983 against Byous for the excessive use of force violating the 4th and 14th Amendments.

## V.
## QUALIFIED IMMUNITY INAPPLICABLE TO § 1983 CLAIM

5.1 Under 42 U.S.C. § 1983, as Congress enacted, persons violating citizens' constitutional rights *notwithstanding* common law defenses are liable.

5.2 The original version, as enacted by the United States Congress, is the law of the United States. The improper and inaccurate version of the law, printed and reprinted for over one hundred years, is expressly rejected as the source of Plaintiff's claims.

5.3 Accordingly, precedent interpreting the incorrect version of the statute should not be binding. Any application of the incorrectly reprinted statute or cases interpreting and applying the incorrect statute to this case would constitute an improper deprivation of the Plaintiff's rights.

5.4     Under the originally enacted version of § 1983, Defendant is not entitled to assert qualified immunity as an affirmative defense.

5.5     Additionally and/or alternatively, qualified immunity is not available to the officer in this case because his conduct violated the 4th and 14th Amendments to the United States Constitution.

5.6     Those constitutional rights violated were clearly established at the time of the Incident. Byous' conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.

5.7     Byous caused (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.

## VI.
## CAUSES OF ACTION

6.1     Plaintiff incorporates the foregoing paragraphs as if set forth verbatim in this section.

## COUNT 1
## (42 U.S.C. § 1983)

6.2     Officer Byous was acting under color of state law at all relevant and material times as a uniformed Dallas Police Officer.

6.3     Defendant Byous is liable under 42 U.S.C. § 1983 for the use of excessive force in violation of the 4th and 14th Amendments on Plaintiff, who was detained and under arrest.

6.4     The physical actions by Byous of striking Plaintiff were intentional or deliberate and not accidental, and the force used by Byous was objectively unreasonable, given the facts and circumstances.

6.5     Byous actions were objectively unreasonable considering the relationship between

the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

6.6  There was no need for the use of force and certainly not the force Byous utilized.

6.7  Considering that minimal force was necessary to gain control and custody of Plaintiff, the injury to Plaintiff was unnecessary, and Plaintiff sustained permanent injuries.

6.8  Officer Byous made no effort to temper or limit the amount of force intentionally exceeding any force he himself recognized as necessary for the situation.

6.9  Officer Byous recognized that there was no security threat as he went right up to the plaintiff lying on the grass on his face, and Officer Byous didn't feel the need to draw his gun or maintain distance from the Plaintiff.

6.10  Officer Byous perceived no threat, and Plaintiff was providing no resistance.

6.11  Defendant Byous violated Plaintiff's 4th and 14th Amendment rights by using excessive force.

## VII.
## DAMAGES

7.1  Plaintiff suffered the following damages proximately caused by Defendant's wrongful conduct described herein:

a)  physical pain and suffering in the past and future;

b)  mental anguish in the past and future;

c)  medical expenses in the past and future;

d)  physical impairment in the past and future;

e)  disfigurement in the past and future;

f) court costs; and

g) pre-and post-judgment interest as allowed by law.

## VIII.
## EXEMPLARY DAMAGES

8.1 The conduct of BYOUS was done with malice, entitling Plaintiff to exemplary damages.

## IV.
## COSTS AND ATTORNEY FEES

9.1 Plaintiff is entitled to an award of attorney's fees and costs under 42 U.S.C. § 1988(b). Therefore, Plaintiff requests the Court to award costs and attorney's fees incurred in the prosecution of this litigation.

## X.
## TRIAL BY JURY

Plaintiff demands a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that after a trial, that Plaintiffs be awarded judgment for their damages sought, pre and post-judgment interest, court costs, and for any and all further relief to which Plaintiffs show themselves to be justly entitled.

Respectfully submitted,

BY:

Damon Mathias
State Bar No. 24080170
Ori Raphael
State Bar No. 24088273

**MATHIAS RAPHAEL PLLC**
13101 Preston Road, Suite 501
Dallas, Texas 75240
Office: 214-739-0100
Facsimile: 214-739-0151
Damon@mrlaw.co
Ori@mrlaw.co

**ATTORNEYS FOR PLAINTIFF**