IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANTONIO TORRES,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:23-cv-02765** |
| | § | |
| **JEREMIAH CECIL BYOUS** | § | **JURY DEMANDED** |
| *Defendant* | § | |

### DEFENDANT'S ORIGINAL ANSWER AND ASSERTION OF DEFENSES, INCLUDING QUALIFIED IMMUNITY

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW defendant Jeremiah Byous ("Defendant" herein) and makes and files his Original Answer and Assertion of Defenses, Including Qualified Immunity, responsive to the assertions in Plaintiff's Original Complaint (Doc. 1), and would show unto the Court as follows:

### A. ANSWER[1]

### I. NATURE OF THE CASE / CITY OF DALLAS FOIA REQUESTS

1.1.  Defendant denies the assertions in Paragraph 1.1 of Plaintiff's Complaint and denies the use of any unjustified or excessive force.

1.2.  Defendant denies the assertions in Paragraph 1.2 of Plaintiff's Complaint.

1.3.  Defendant <u>admits</u> that Plaintiff assaulted a public servant.  Otherwise, Defendant denies the assertions in Paragraph 1.3 of Plaintiff's Complaint, including but not limited to that Defendant charged Plaintiff with any crimes.

1.4.  Defendant denies the assertions in Paragraph 1.4 of Plaintiff's Complaint.

---

[1] Unless Defendant herein specifically <u>admits</u> to an averment made in Plaintiff's Complaint, Defendant hereby expressly denies all averments made or implicitly made in Plaintiff's Complaint (including subheadings and subtitles) and any amendments or supplements thereto.

1.5. Defendant does not dispute that Plaintiff's claims are under 42 U.S.C. § 1983, but denies there is a "correct" version of the statute that Plaintiff seeks to bring his claims under. Defendant contends that he is entitled to assert qualified immunity to Plaintiff's claims and so asserts that defense. Otherwise, to the extent applicable, Defendant denies the remaining assertions in Paragraph 1.5 of Plaintiff's Complaint.

1.6. Defendant denies the assertions in Paragraph 1.6 of Plaintiff's Complaint.

## II. PARTIES

2.1. Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 2.1 of Plaintiff's Complaint, and therefore denies as set forth in FED. R. CIV. P. 8(b)(5).

2.2. Defendant <u>admits</u> the assertions in Paragraph 2.2 of Plaintiff's Complaint.

2.3. Defendant <u>admits</u> that at all times he engaged with Plaintiff on January 7, 2022 and thereafter it was as a Dallas Police Officer and under color of law. Otherwise, Plaintiff's paragraph 2.3 calls for legal conclusions for which no response is needed, or Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations, and therefore denies as set forth in FED. R. CIV. P. 8(b)(5).

2.4. Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 2.4 of Plaintiff's Complaint, and therefore denies as set forth in FED. R. CIV. P. 8(b)(5).

## III. JURISDICTION AND VENUE

3.1. Paragraph 3.1 of Plaintiff's Complaint contains legal assertions that do not require a response from Defendant. However, Defendant does not contest jurisdiction. To the extent a further response is required, Defendant is without information or knowledge sufficient to form a

belief as to the truth of Plaintiff's allegations contained in Paragraph 3.1 of Plaintiff's Complaint, and therefore denies as set forth in FED. R. CIV. P. 8(b)(5).

3.2. Paragraph 3.2 of Plaintiff's Complaint contains legal assertions that do not require a response from Defendant. However, Defendant does not contest venue. To the extent a further response is required, Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 3.2 of Plaintiff's Complaint, and therefore denies as set forth in FED. R. CIV. P. 8(b)(5).

## IV. JURISDICTION AND VENUE

4.1. Defendant <u>admits</u> that on January 7, 2022 Plaintiff was driving a Dodge Ram. Otherwise, Defendant denies or is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 4.1 of Plaintiff's Complaint, and therefore denies as set forth in FED. R. CIV. P. 8(b)(5).

4.2. Defendant <u>admits</u> that the vehicle Plaintiff was driving was stolen. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 4.2 of Plaintiff's Complaint, and therefore denies as set forth in FED. R. CIV. P. 8(b)(5).

4.3. Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 4.3 of Plaintiff's Complaint, and therefore denies as set forth in FED. R. CIV. P. 8(b)(5).

4.4. Defendant denies Plaintiff's allegations as stated in Paragraph 4.4 of Plaintiff's Complaint.

4.5. Defendant <u>admits</u> that Plaintiff fled and failed to comply with Defendant's instructions. Otherwise, is without information or knowledge sufficient to form a belief as to the

truth of Plaintiff's allegations contained in Paragraph 4.5 of Plaintiff's Complaint, and therefore denies as set forth in FED. R. CIV. P. 8(b)(5).

4.6. Defendant denies or is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 4.6 of Plaintiff's Complaint, and therefore denies as set forth in FED. R. CIV. P. 8(b)(5).

4.7. Defendant <u>admits</u> that Plaintiff fled on foot and attempted to evade capture. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 4.7 of Plaintiff's Complaint, and therefore denies as set forth in FED. R. CIV. P. 8(b)(5).

4.8. Defendant denies Plaintiff's allegations as stated in Paragraph 4.8 of Plaintiff's Complaint.

4.9. Defendant <u>admits</u> that Plaintiff fled on foot. Defendant denies the last sentence of Paragraph 4.9 of Plaintiff's Complaint. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 4.9 of Plaintiff's Complaint, and therefore denies as set forth in FED. R. CIV. P. 8(b)(5).

4.10. Defendant denies the assertions in Paragraph 4.10 of Plaintiff's Complaint.

4.11. Defendant denies the assertions in Paragraph 4.11 of Plaintiff's Complaint.

4.12. Defendant denies the assertions in Paragraph 4.12 of Plaintiff's Complaint.

4.13. Defendant denies the assertions in Paragraph 4.13 of Plaintiff's Complaint.

4.14. Defendant denies the assertions in Paragraph 4.14 of Plaintiff's Complaint.

4.15. Defendant denies the assertions in Paragraph 4.15 of Plaintiff's Complaint.

4.16. Defendant denies the assertions in Paragraph 4.16 of Plaintiff's Complaint.

4.17. Defendant denies the assertions in Paragraph 4.17 of Plaintiff's Complaint.

4.18.   Defendant denies the assertions in Paragraph 4.18 of Plaintiff's Complaint.

4.19.   Defendant denies the first sentence in Paragraph 4.19 of Plaintiff's complaint. As to the second sentence, Defendant admits that after the incident in question Defendant confirmed that Plaintiff did not have a weapon. Otherwise, Defendant denies or is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 4.19 of Plaintiff's Complaint, and therefore denies as set forth in FED. R. CIV. P. 8(b)(5).

4.20.   Defendant denies the assertions in Paragraph 4.20 of Plaintiff's Complaint.

4.21.   Defendant denies the assertions in Paragraph 4.21 of Plaintiff's Complaint.

4.22.   Defendant denies or is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 4.22 of Plaintiff's Complaint, and therefore denies as set forth in FED. R. CIV. P. 8(b)(5).

4.23.   Defendant admits that more than a year after the incident, Defendant received a 10-day suspension with the Dallas Police Department. Otherwise, Defendant is without information or knowledge sufficient to form a belief as to the truth of Plaintiff's allegations contained in Paragraph 4.23 of Plaintiff's Complaint, and therefore denies as set forth in FED. R. CIV. P. 8(b)(5).

4.24.   Defendant denies the assertions in Paragraph 4.24 of Plaintiff's Complaint.

4.25.   Defendant denies the assertions in Paragraph 4.25 of Plaintiff's Complaint.

## V. QUALIFIED IMMUNITY INAPPLICABLE TO § 1983 CLAIM (DENIED)

5.1.   Paragraph 5.1 of Plaintiff's Complaint contains legal assertions that do not require a response from Defendant, but to the extent they do, Defendant denies the assertions in Paragraph 5.1 of Plaintiff's Complaint.

5.2.   Paragraph 5.2 of Plaintiff's Complaint contains legal assertions that do not require a response from Defendant, but to the extent they do, Defendant denies the assertions in Paragraph

5.2 of Plaintiff's Complaint. Defendant asserts that to the extent Plaintiff seeks to assert federal claims against Defendant, they must proceed under 42 U.S.C. § 1983 and Defendant's qualified immunity is available and applies to such claims.

5.3. Paragraph 5.3 of Plaintiff's Complaint contains legal assertions that do not require a response from Defendant, but to the extent they do, Defendant denies the assertions in Paragraph 5.3 of Plaintiff's Complaint. Defendant asserts that to the extent Plaintiff seeks to assert federal claims against Defendant, they must proceed under 42 U.S.C. § 1983 and Defendant's qualified immunity is available and applies to such claims.

5.4. Defendant denies the assertions in Paragraph 5.4 of Plaintiff's Complaint. Defendant asserts that to the extent Plaintiff seeks to assert federal claims against Defendant, they must proceed under 42 U.S.C. § 1983 and Defendant's qualified immunity is available and applies to such claims.

5.5. Defendant denies the assertions in Paragraph 5.5 of Plaintiff's Complaint.

5.6. Defendant denies the assertions in Paragraph 5.6 of Plaintiff's Complaint.

5.7. Defendant denies the assertions in Paragraph 5.7 of Plaintiff's Complaint.

## VI. CAUSES OF ACTION (DENIED)

6.1. Defendant incorporates the foregoing admissions, denials, and statements in the foregoing paragraphs as if set forth verbatim in his section.

**Count 1 (42 U.S.C. § 1983) (Denied)**

6.2. Defendant <u>admits</u> the assertions in Paragraph 6.2 of Plaintiff's Complaint.

6.3. Defendant denies the assertions in Paragraph 6.3 of Plaintiff's Complaint.

6.4. Defendant denies the assertions in Paragraph 6.4 of Plaintiff's Complaint.

6.5. Defendant denies the assertions in Paragraph 6.5 of Plaintiff's Complaint.

6.6. Defendant denies the assertions in Paragraph 6.6 of Plaintiff's Complaint.

6.7. Defendant denies the assertions in Paragraph 6.7 of Plaintiff's Complaint.

6.8. Defendant denies the assertions in Paragraph 6.8 of Plaintiff's Complaint.

6.9. Defendant denies the assertions in Paragraph 6.9 of Plaintiff's Complaint.

6.10. Defendant denies the assertions in Paragraph 6.10 of Plaintiff's Complaint.

6.11. Defendant denies the assertions in Paragraph 6.11 of Plaintiff's Complaint.

## VII. DAMAGES (DENIED)

7.1. Defendant denies the allegations in Paragraph 7.1 of Plaintiff's Complaint, including subsections (a) through (g) and denies that Plaintiff is entitled to any relief.

## VIII. EXEMPLARY DAMAGES (DENIED)

8.1. Defendant denies the allegations in Paragraph 8.1 of Plaintiff's Complaint and denies that Plaintiff is entitled to any relief.

## IX. COSTS AND ATTORNEY FEES (DENIED)

9.1. Defendant denies the allegations in Paragraph 9.1 of Plaintiff's Complaint, and denies that Plaintiff is entitled to any relief, including attorneys' fees.

## X. TRIAL BY JURY

10. Defendant joins in Plaintiff's request for a trial by jury.

## PLAINTIFF'S PRAYER (denied)

11. Defendant denies that Plaintiff is entitled to the relief Plaintiff seeks in his Prayer or any other relief he may allege.

### B. DEFENSES/AFFIRMATIVE DEFENSES

Without waiving the foregoing answers or assertions, Defendant makes the following assertions of defenses, specific denials, and affirmative defenses:

1. Defendant denies that he violated the U.S. Constitution, 42 U.S.C. §§ 1983, 1985, or 1988, or any other right, privilege, statute, rule, amendment, or law. Defendant further denies that he committed any act or omission that gives right to any claim or relief.

2. Answering further, if necessary, Defendant pleads the defense of qualified immunity. Defendant asserts that at all relevant times he was acting as a police officer and is entitled to qualified immunity. Defendant denies violating any right, law, statute, policy, or provision. Defendant further pleads that he did not violate clearly established law or statutory or constitutional rights of which a reasonable officer would have known, and at all times Defendant's conduct was objectively reasonable based on the circumstances presented to Defendant. Defendant further asserts that he had legal justification for all actions taken by him relating to this incident. Plaintiff bears the pleading and proof burdens to overcome Defendant's qualified immunity. Defendant further asserts that discovery should be stayed, or alternatively limited, pending determination of Defendant's qualified immunity defense.

3. Answering further, if necessary, Defendant asserts that Plaintiff suffered no violation of any right. Defendant denies violating any right, law, statute, policy or provision. Defendant further pleads that Defendant did not violate clearly established law or statutory or constitutional rights of which a reasonable person would have known, and at all times his conduct was objectively reasonable.

4. Answering further, if necessary, Defendant asserts that Plaintiff did not suffer any injury because of any improper act or omission by Defendant. Further, Defendant would show that the damages complained of by Plaintiff were brought about by the actions of Plaintiff. Defendant affirmatively pleads that there is no causal connection between Defendant's actions and the injuries and/or damages of which Plaintiff complains.

5. Answering further, if necessary, Defendant asserts that any detention of Plaintiff was based on reasonable suspicion and probable cause.

6. Answering further, if necessary, Defendant contends that any force he used, if any, was reasonable.  Further, Defendant contends that Plaintiff sustained no injury caused directly and only by unreasonable force.  Answering further, if necessary, Defendant asserts that legal justification existed for all his actions or omissions.

7. Answering further, if necessary, Defendant asserts his official immunity and contends that he acted with a reasonable good faith belief that his actions were lawful, proper, and warranted and without the scope of his discretionary authority.

8. Answering further, if necessary, Defendant affirmatively pleads and invokes all statutory and common law damage caps with respect to Plaintiff's alleged damages.

9. Answering further, if necessary, Defendant denies that any actions were committed with malice, recklessness, or deliberate indifference to Plaintiffs' constitutional rights, and therefore specifically denies that Plaintiff is entitled to punitive or exemplary damages.  Defendant would further assert that the imposition of punitive or exemplary damages would violate Defendant's due process rights guaranteed by the United States and Texas Constitutions, including but not limited to the excessive fines' clauses of same.  Defendant asserts all caps and limits on punitive or exemplary damages.

10. Answering further, if necessary, Defendant asserts that based on facts that may be developed during discovery, Defendant reserves the right to show Plaintiff failed to mitigate damages, if any.

11. Defendant reserves the right to amend this answer and add additional defenses as discovery may warrant.

WHEREFORE, PREMISES CONSIDERED, Defendant Jeremiah Byous prays that Plaintiff takes nothing by this suit, that judgment be entered in favor of Defendant, and that Defendant be permitted to go hence without delay and recover his costs, and for such other and further relief, general and specific, legal and equitable, to which Defendant may be justly entitled.

Respectfully submitted,

*/s/ Kevin M. Curley*
**WM. ANDREW MESSER**
andy@txmunicipallaw.com
State Bar No. 13472230
**KEVIN M. CURLEY**
kevin@txmunicipallaw.com
State Bar No. 24047314
**MELISSA H. CRANFORD**
State Bar No. 24012805
melissa@txmunicipallaw.com
**MESSER FORT, PLLC**
6371 Preston Road, Suite 200
Frisco, TX 75034
972.668.6400 – Telephone
972.668.6414 – Facsimile
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was provided to counsel of record for the parties in accordance with the Federal Rules of Civil Procedure by service to their attorneys of record through the Court's ECF filing system on the 25th day of January 2024.

*/s/ Kevin M. Curley*
**KEVIN M. CURLEY**