UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTONIO TORRES, § § *Plaintiff*, § § v. § § JEREMIAH CECIL BYOUS, § § *Defendant*. § | Civil Action No. 3:23-CV-2765-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Antonio Torres's motion for reconsideration. (Doc. 44). Having considered the parties' briefs and the relevant law, the Court **DENIES** the motion.

The Court granted qualified immunity in this case to Officer Byous. In doing so, the Court held that a constitutional violation—if one occurred—was not clearly established.[1] Torres now seeks reconsideration under Rule 59(e), arguing the Court did not apply the correct standard for which cases can clearly establish law.

Federal Rule of Civil Procedure 59(e) serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[2] A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry

---

[1] The Court did not rule on the prong one of the qualified immunity test because it was apparent that any rights violation was not clearly established.

[2] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)

1

of judgment."³ Instead, Rule 59(e) "is an extraordinary remedy that should be used sparingly."⁴ And a litigant "improperly invokes Rule 59(e) to rehash matters that have been thoroughly considered and rejected by the court."⁵

Torres argues the Court "applied a more stringent factual-similarity requirement than *Hope v. Pelzer*⁶ permits."⁷ The Court disagrees.⁸ Even after *Hope*, the Fifth Circuit has reiterated that "[a] right is 'clearly established' only if preexisting precedent 'ha[s] placed the . . . constitutional question beyond debate.'"⁹ And in excessive force cases like this one, "police officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue."¹⁰ That is precisely what the Court did in its analysis.

---

³ *Id.*

⁴ *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (cleaned up).

⁵ *Wardlow v. United States*, No. 4:04-CV-408, 2017 WL 4868229, at *5 (E.D. Tex. Oct. 26, 2017).

⁶ 536 U.S. 730 (2002).

⁷ Doc. 42 at 2 (citation added).

⁸ Torres also argues that the department's regulation put Officer Byous on fair notice, but this argument is inapposite for Rule 59(e). Torres did not argue that the Continuum Model clearly established the law in his response to the motion for summary judgment. *See* Doc. 40 at 20–25 (failing to mention the Continuum Model under the clearly established law prong). But Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised" before the entry of judgment. *Knight v. Kellogg Brown & Root Inc.*, 333 Fed.Appx. 1, 8 (5th Cir. 2009) (cleaned up).

⁹ *Harmon v. City of Arlington*, 16 F.4th 1159, 1165 (5th Cir. 2021) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

¹⁰ *Kislea v. Hughes*, 584 U.S. 100, 104 (2018) (cleaned up).

The Court analyzed the cases Torres cited, namely, *Joseph ex el. Estate of Joseph v. Bartlett*,[11] *Cooper v. Brown*,[12] *Bagley v. Guillen*,[13] *Newman v. Guedry*,[14] *Vardeman v. City of Houston*,[15] and *Curran v. Aleshire*.[16] The Court did not demand "materially similar" facts, the approach *Hope* rejected.[17]

In essence, Torres seeks a bright line rule defined at a high level of generality "**once a suspect stops resisting, force must stop.**"[18] But the Court cannot "define clearly established law at a high level of generality."[19] Thus the Court considered whether the "existing precedent squarely governs the specific facts at issue" and concluded that they did not.[20] That is what the Court must do in a qualified immunity analysis. Accordingly, the Court **DENIES** Torres's motion for consideration. This case remains closed.

**SO ORDERED** on this 9th day of December, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[11] 981 F.3d 319 (5th Cir. 2020).

[12] 844 F.3d 517 (5th Cir. 2016).

[13] 90 F.4th 799 (5th Cir. 2024).

[14] 703 F.3d 757 (5th Cir. 2012).

[15] 55 F.4th 1045 (5th Cir. 2022).

[16] 800 F.3d 656 (5th Cir. 2015).

[17] 536 U.S. at 739–41.

[18] Doc. 42 at 5 (emphasis in original).

[19] *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 476 (5th Cir. 2019) (quoting *Ashcroft*, 563 U.S. at 742).

[20] *Kislea*, 584 U.S. at 104.